UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RICARDO ARGUETA VASQUEZ (A-Number: 235 273 532),<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | No. 1:26-cv-05272-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Oscar Ricardo Argueta Vasquez is an immigration detainee proceeding with a petition for writ of habeas corpus. Doc. 1. Respondents argue that "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A), and Respondents respectfully maintain the position that such provision governs here." *See* Doc. 5. Respondents nonetheless acknowledge that the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ----, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), which held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances. *Id.*

This Court has typically ordered immediate release in petitioner's circumstances because respondents detained petitioner based on their position that he was subject to mandatory detention

under § 1225(b), and respondents do not argue that there was a basis for petitioner's detention under § 1226(a). *See J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025). Moreover, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla*, 2025 WL 2688541, at *11. "Section 1226(a) plainly states: '*On a warrant issued by the Attorney General*, a [noncitizen] may be arrested and detained . . . ." *Chogllo Chafla*, 2025 WL 2688541, at *11 (quoting 8 U.S.C. § 1226(a)). "As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.*

Respondents were ordered to provide a copy of the Form I-200 (Warrant for Arrest of Alien). Doc. 4 at 2. Respondents did not file a copy of the Form I-200 and there is no evidence in the record that respondents ever obtained a § 1226(a) warrant for petitioner's arrest. "Since the Government did not comply with the plain language of section 1226(a), [petitioner's] immediate release is justified." *Id.*; *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (reaching the same conclusion).

Accordingly, the petition for writ of habeas corpus is GRANTED as to claim one. The Court ORDERS that respondents release petitioner Oscar Ricardo Argueta Vasquez (A-Number: 235-273-532) immediately. If respondents seek to re-detain petitioner, they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[1]

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: August 16, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.